MUSCATINE MORTGAGE & TRUST COMPANY, APPELLEE, V. JAMES F. MCGAUGHEY, IMPLEADED WITH NEBRASKA LAND, STOCK-GROWING & INVESTMENT COMPANY, APPELLANT, ET AL.

FILED JUNE 21, 1899.   No. 8957.

Mortgage-Foreclosure Sale: WAIVER OF OBJECTIONS TO CONFIRMATION. A defendant in an action of foreclosure of a real estate mortgage, after decree of foreclosure and sale for its enforcement, secured a stipulation that in the event of performance of certain stated matters the decree was to be assigned to it, but if there was a failure to perform all or any of the conditions, confirmation of the sale was to be "without objection." *Held,* That objection to confirmation of a judicial sale may be waived, and also that there had been such a failure to perform the requirements of the stipulation as warranted the confirmation of the sale, and without consideration of the objections on the part of the defendant, a party to the stipulation.

APPEAL from the district court of Buffalo county. Heard below before GREENE, J.   *Affirmed.*

*F. G. Hamer,* for appellant.

*Dryden & Main, contra.*

HARRISON, C. J.

In this, an appeal from an order of confirmation of a judicial sale made pursuant to a decree in an action of foreclosure of a real estate mortgage, it appears that subsequent to the sale and prior to confirmation thereof the following stipulation was made and filed in the cause: "It is hereby agreed and stipulated by and between the parties hereto that upon the receipt by the plaintiff of the sum of $50 cash in hand paid, to be applied by said plaintiff on coupons representing interest on the first mortgage on the premises involved in this action, which said coupons plaintiff, for its own protection, has been obliged to pay since the institution of this suit, and upon the payment of the further sum of $150 on or before the 25th day of May, 1894, to be applied as above, and upon the further receipt by said plaintiff on or before the 15th day of April, 1895, of an amount of money equal to said decree and costs, together with all interest accrued on said first mortgage, together with all taxes against said premises, either paid by plaintiff or then remaining unpaid, then this plaintiff agrees to assign said decree to the defendant, the Nebraska Land, Stock-Growing & Investment Company, or to whomsoever said defendant may direct, and upon the failure of said plaintiffs to receive said sums of money, or either of them, as aforesaid, then the said sale heretofore had is to be confirmed without objection." There was a motion to confirm the sale, filed February 23, 1894, and prior to the stipulation which we have quoted, which was filed May 24, 1894. Subsequent to the stipulation nothing further was done in regard to confirmation until June 9, 1896. When the matter was presented, objections to confirmation had been filed. It appears that in partial compliance with the stipulation there had been $50 paid, a second payment in amount $150, and another payment in the sum of $75; also, that there had been improvements of the real estate involved in the litigation. It is now urged that by reason

of the payments to which we have referred the appellant became partial owner of the decree of foreclosure; and further, that the fact of improvement of the land gives a claim or right to equitable relief.    The payments of $50 and $150 are asserted as made in compliance with the terms of the stipulation, and while there is no evidence to show that the said payments were applied as it is set forth in the stipulation that they should be, there is also nothing to show that they were not, and we cannot presume to the latter effect.    Of the payment of $75 this is shown: "J. N. Dryden, being first duly sworn, on oath says that the final payment of the $75 set forth in the affidavit of F. G. Hamer, filed herein, was made to apply upon interest on the first mortgage on the premises in controversy; that said payment had no connection whatever with the stipulation for the confirmation of the sale herein; that said first mortgage has never been foreclosed, and consequently was not, and is not, involved in the above entitled cause."    And what is stated in the affidavit just quoted is not in any manner controverted or denied.    There is not shown any payment on the decree under which the sale occurred, and there is disclosed a failure to comply with or fulfill the most important requirement of the stipulation,—a failure to make one, and the largest, of the payments agreed upon therein.    The stipulation was plainly and directly to the effect that if there was a failure to pay either amount as agreed, the sale might be confirmed "without objection."    Whether, if payment on the decree herein to a considerable sum had been shown, it would have entitled the appellant to relief on equitable grounds, we are not called upon to decide.    There is no such showing, and, all things considered, we are forced to conclude that the district court could but decide as it evidently did, that by reason of non-compliance of appellant with the stipulation, the other party had become entitled to call for confirmation of the sale.

Relative to other objections to confirmation, they could

be waived; and it was the agreement that the confirmation was to be "without objection," and the appellee had become entitled to the enforcement of this portion of the stipulation. It follows that the order of confirmation must be.

AFFIRMED.